UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BEDIVERE INSURANCE COMPANY F/D/B/A ONEBEACON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF KANSAS, INC.; ALLIED WORLD SURPLUS LINES INSURANCE COMPANY F/K/A DARWIN SELECT INSURANCE COMPANY,<br><br>Defendants.<br>_____<br><br>ALLIED WORLD SPECIALTY INSURANCE COMPANY F/K/A DARWIN NATIONAL ASSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF KANSAS, INC.,<br><br>Defendant.<br>_____ | **CONSOLIDATED CASES**<br><br>Case No. 18-2371-DDC<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 18-2515-DDC |

## ORDER

The parties filed joint motions (ECF No. 53 in Case No. 18-2371-DDC; ECF No. 33 in Case No. 18-2515-DDC) asking the court to consolidate the two cases. Under Fed.

R. Civ. P. 42(a), a court may consolidate or join for trial or hearing "any or all matters at issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[1] In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[2]

As discussed in the court's scheduling order, the parties previously agreed the cases should be consolidated if mediation with Judge Phillips failed to achieve a global settlement.[3] The parties in both cases mediated on June 12, 2019, which did not result in settlement,[4] and they continued to mediate their dispute for an additional six weeks before filing an ADR report indicating the cases did not settle.[5] The assigned U.S. District Judge, Daniel D. Crabtree, ruled on the pending motions to dismiss on September 30, 2019, and directed the parties to file motions to consolidate the cases within five business days.[6]

The parties filed their instant motions, seeking to consolidate Case Nos. 18-2371-DDC and 18-2515-DDC. The two cases clearly involve common questions of law and

---

[1] *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.*, No. Civ. A. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[3] ECF No. 39 at 2, Case No. 18-2371-DDC.

[4] ECF No. 43, Case No. 18-2371-DDC; ECF No. 32, Case No. 18-2515-DDC.

[5] *Id.*

[6] ECF No. 52.

fact. Both cases involve declarations regarding the rights and obligations of insurers in connection to the same antitrust litigation involving Blue Cross Blue Shield of Kansas, Inc. The parties and the court agree judicial efficiency would be best served by consolidation of these cases for discovery and trial purposes.

IT IS HEREBY ORDERED Case No. 18-2371 shall be consolidated for discovery and trial purposes with Case No. 18-2515, both having been previously dual-assigned to Judge Crabtree and the undersigned U.S. Magistrate Judge. Case No. 18-2371 shall be designated as the lead case. All future pleadings, except for those related to dispositive motions, shall bear the consolidated caption on this order and shall be filed in only the lead case. Any dispositive motions and other filings related to the same shall be filed in the specific case without a consolidated caption.

As discussed in the court's scheduling order (ECF No. 28 in 18-2515-DDC), the parties shall confer and e-mail to the undersigned's chambers their updated Rule 26(f) report by **October 23, 2019**, so that a status and scheduling conference may be set.

Dated this October 9, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge