BEDIVERE INSURANCE COMPANY,

         **CONSOLIDATED CASES**

         Plaintiff,

v.         Case No. 18-cv-02371-DDC

BLUE CROSS AND BLUE SHIELD OF
KANSAS, INC., et al.,

         Defendants.
_____

ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

         Plaintiff/Counter-Defendant

v.         Case No. 18-cv-02515-DDC

BLUE CROSS AND BLUE SHIELD OF
KANSAS, INC.,

         Defendant/Counter-Plaintiff,
         Counter-Defendant.

## AGREED PROTECTIVE ORDER

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of these actions. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective

order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because the parties may produce during the course of discovery documents and information containing confidential business, financial, personal health data and/or other documents that are subject to existing protective orders or other orders or rules prohibiting disclosure in the underlying litigation, *In re Blue Cross Blue Shield Antitrust Litigation*, Master File No. 2:13-cv-20000-RDP (N.D. Ala.) (the "Underlying Litigation"), and in *Love v. Blue Cross Blue Shield Assoc.*, Case No. 03-cv-21296 (S.D. Fla.) (the "*Love* Action"). The parties wish to protect such information from disclosure, comply with existing court orders in those cases, and provide for confidentiality protections consistent with the orders in those cases in order to facilitate consensual production of any such documents in this case.

This Agreed Protective Order is based on the District of Kansas Model Protective Order. In general, the changes eliminate language that does not apply to the present case and add protections for confidential health information and information protected by orders issued by other courts. More specifically, to ensure compliance with the existing protective orders in the Underlying Litigation and *Love* in the event that documents from those cases are reproduced here, the parties have incorporated certain material provisions from those orders into the District of Kansas' Model Protective Order. In particular, the parties have included three levels of confidentiality -- Confidential, Confidential --

Attorneys' Eyes Only, and Confidential -- Outside Counsel Only -- because the Qualified Protective Order in the Underlying Litigation has these three levels and accordingly they are necessary in this case to ensure compliance with that court order, should documents from that litigation be reproduced here. The parties have also attached a copy of those protective orders as Exhibit 1 through 4. For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information, Highly Confidential Information – Attorneys' Eyes Only, and Highly Confidential Information – Outside Counsel Only (collectively, "Confidential Materials") as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.  Discovery in this action may involve the production of documents containing trade secrets, confidential business, commercial or financial, information, and other information deemed confidential or protected pursuant to federal or state statute, administrative order, or court order, including but not limited to Confidential Health Information (as defined below) and other documents or information designated confidential pursuant to protective orders in the

Underlying Litigation and/or the *Love* Action and discovery in this action may otherwise require disclosure of such information. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Definition of Confidential Information.**     As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

a.     information prohibited from disclosure by statute;

b.     information that reveals trade secrets;

c.     research, technical, commercial, or financial information that the party has maintained as confidential, or any otherwise confidential litigation-related information;

d.     medical information concerning any individual ("Confidential Health Information"), including but not limited to "Protected Health Information" as that term is defined by the Standards for Privacy of Individually

Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 and 160.103);

e.     personal identity information;

f.     income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

g.     personnel or employment records of a person who is not a party to the case;

h.     any document, transcript of witness testimony, or information in any form designated or marked "Confidential" by a party or third-party to the Underlying Litigation but who is not a party to this case (a "Non-Party Designating Entity") and who made such Confidential designations pursuant to the Qualified Protective Order issued in the Underlying Litigation shall be treated as "Confidential Information" for purposes of this Order and such information shall not be disclosed except as in accordance with the Qualified Protective Order issued in the Underlying Litigation and with paragraph 12(b), below, except those documents which the Court in the Underlying Litigation has unsealed.  Any such information produced subject to this Order shall bear the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; or

i.     any document, transcript of witness testimony, or information in any form designated or marked "Confidential" by a party or third-party to the *Love*

Action but who is not a party to this case (a "Non-Party Designating Entity") and who made such Confidential designations pursuant to any protective order entered in the *Love* Action shall be treated as "Confidential Information" for purposes of this Order and shall not be disclosed except as in accordance with paragraph 12(b) below which is consistent with the protective order issued in the *Love* Action. Any such information produced subject to this Order shall bear the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3. **Highly Confidential Information – Attorneys' Eyes Only.** As used in this Order, "Highly Confidential Information – Attorneys' Eyes Only" means:

a. information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party that contains highly confidential business, commercial, research or financial information of any party or third party, of which the party reasonably believes to be so economically or competitively sensitive that it is more sensitive or strategic than Confidential Information and (i) it is the subject of reasonable efforts under the circumstances to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or other persons or entities, would materially affect or threaten injury to the business, commercial or financial interests of such

party; or (iv) the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Documents designated as "Highly Confidential -- Attorneys' Eyes Only" may be shared only with those persons identified in paragraph 12(c), below.

b. any information in any form designated or marked as "Confidential-Attorneys' Eyes Only" by any Non-Party Designating Entity under the Qualified Protective Order issued in the Underlying Litigation shall be treated as Highly Confidential Information – Attorneys' Eyes Only for purposes of this Order and shall not be disclosed except in accordance with the Qualified Protective Order issued in the Underlying Litigation and as set forth in paragraph 12(c), below.

    i. The Non-Party Designating Entities in the Underlying Litigation have designated in good faith information as "Confidential-Attorneys' Eyes Only" information that is of such commercially or competitively sensitive nature that disclosure to persons others than those identified in the relevant order could reasonably be expected to result in injury.

c. any information in any form designated or marked as "Highly Confidential" by any Non-Party Designating Entity under any protective order issued in the *Love* Action shall be treated as Highly Confidential – Attorneys' Eyes

Only Material for purposes of this Order and shall not be disclosed except as set forth in paragraph 12(c) below, which is consistent with the protective order issued in the *Love* Action.

i. The Non-Party Designating Entities in the *Love* Action have designated in good faith information as "Highly Confidential" information which they reasonably believe to be so economically or competitively sensitive that: (i) it is the subject of reasonable efforts under the circumstances to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; and (iii) its disclosure to existing or potential business competitors, existing or potential contracting providers, medical associations or societies, health care vendors servicing the managed care industry, or any person regularly employed or engaged by such entities would materially affect or threaten injury to the business, commercial, or financial interests of such party or third party.

4. Any Highly Confidential information produced subject to this Order shall bear the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

5. **Highly Confidential Information – Outside Counsel Only.** As used in this order, "Highly Confidential Information – Outside Counsel Only" means:

a. information designated in the Underlying Litigation as "HIGHLY

8

CONFIDENTIAL - OUTSIDE COUNSEL ONLY - SUBJECT TO PROTECTIVE ORDER" by the producing party that contains Highly Confidential Information that the producing party reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraph 12(d) could reasonably be expected to result in injury;

b.   any information in any form designated or marked as "Confidential-Outside Counsel Only" by any Non-Party Designating Entity under the Qualified Protective Order issued in the Underlying Litigation shall be treated as Highly Confidential Information – Outside Counsel Only for purposes of this Order and shall not be disclosed except in accordance with the Qualified Protective Order issued in the Underlying Litigation and as set forth in paragraph 12(d), below.

   i.   The Non-Party Designating Entities in the Underlying Litigation have designated in good faith information as "Confidential-Outside Counsel Only" information that is of such commercially or competitively sensitive nature that disclosure to persons others than those identified in the relevant order could reasonably be expected to result in injury.

6.   Any Highly Confidential Information – Outside Counsel Only produced

subject to this Order shall bear the designation "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY - SUBJECT TO PROTECTIVE ORDER."

7.      Nothing in this Order shall (1) require the production of information produced in the Underlying Litigation or the *Love* Action that is prohibited from disclosure by any protective order issued in those matters, including but not limited to information from Non-Party Designating Entities; (2) supersede, diminish or waive any protection applicable to information produced in the Underlying Litigation or the *Love* Action that is subject to any protective order issued in those matters; or (3) constitute a waiver by any party to this dispute of any objection or position as to the production or introduction into evidence of information from the Underlying Litigation or the *Love* Action in this matter.

8.      Information or documents that are available to the public may not be designated as Confidential Materials.

9.      **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Material and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images,

duplicates, extracts, summaries, or descriptions that contain the Confidential Material. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Material are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Confidential Material as defined in this Order.

10. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Material will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 5 business days after discovery of the inadvertent failure. If a party designates a document as "Confidential" information, "Highly Confidential-Attorneys' Eyes Only" information, or "Highly Confidential-Outside Counsel Only" information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a

time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated "Confidential" information, "Highly Confidential-Attorneys' Eyes Only" information, or "Highly Confidential-Outside Counsel Only" information.

11. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "Confidential" information until the expiration of the following: No later than the fourteenth day after the final transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the transcript that are designated "Confidential" information, "Highly Confidential-Attorneys' Eyes Only" information, or "Highly Confidential-Outside Counsel Only" information and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Material, unless otherwise ordered by the Court.

12. **Protection of Confidential Materials.**

    a. **General Protections.** Designated Confidential Materials must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    b. **Who May View Designated Confidential Materials.** Except with

the prior written consent of the designating party or prior order of the court, designated Confidential Materials may only be disclosed to the following persons:

i.   The parties to this litigation, including any employees, former employees, agents, and representatives of the parties engaged in assisting that party's attorneys in the conduct of this Proceeding, to the extent reasonably necessary to enable the attorneys for that party or client to render professional services in the Proceeding. Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A.

ii.  Counsel for the parties and employees and agents of counsel;

iii. Outside counsel for any party engaged in this litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding;

iv.  The court and court personnel, including any special master appointed by the court, and members of the jury;

v.   Court reporters, recorders, and videographers engaged for

depositions;

vi.      Any mediator appointed by the court or jointly selected by the parties;

vii.     Consultants and Experts after such Consultant or Expert has signed and delivered to the counsel by whom they were retained a statement in the form annexed hereto as Attachment B.  A Consultant or Expert means an individual expert and/or consultant, including investigators, retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties.

viii.    The author or recipient of the document (not including a person who received the document in the course of the litigation);

ix.      A deponent who is the author, bona fide recipient, or is reasonably expected to possess knowledge of the information discussed in the document, but only in connection with the preparation for or during the course of a noticed deposition in this matter, and provided that the deponent has executed an appropriate agreement to be bound by this Order.  A deponent, by virtue of that status alone, shall not be entitled to access or view any Confidential Material that they cannot

otherwise access or view under the other provisions of this Order. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

x. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

xi. The Parties' respective excess insurers and reinsurers, subject to the provisions of this Confidentiality Order; and

xii. Other persons only upon consent of the producing party and on such conditions as the parties may agree.

c. **Who May View Highly Confidential Information – Attorneys' Eyes Only.** Highly Confidential Information – Attorneys' Eyes Only shall only be disclosed to those persons identified in paragraphs 12(b)(ii)-(viii), 12(b)(ix)-(x), and 12(b)(xii), above.

d. **Who May View Highly Confidential – Outside Counsel Only Information.** Highly Confidential – Outside Counsel Only Information shall only be disclosed to those persons identified in paragraphs 12(b)(iii)-(viii), 12(b)(ix)-(x), and 12(b)(xii), above.

e. **Control of Documents.** The parties must take reasonable efforts to

prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Material pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons required to execute Attachment A or B, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

13. **Filing of Confidential Material.** If a party seeks to file any document containing Confidential Material subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys

must obtain sealed documents from local counsel.

14. **Challenges to a Confidential Material Designation.** The designation of any material or document as Confidential Material is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge before filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Material under the terms of this Order.

15. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated as Confidential Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or

at trial.

16. **Use of Confidential Material at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Material at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Material. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

17. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    b. **Destruction of Confidential Material.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Material, including copies as defined above, shall be destroyed except as required by the parties' standard record destruction procedures, in which case the parties shall maintain all Confidential Material in their standard storage facility and shall destroy the documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or

any other document or information hold imposed by any government body or court order. The parties agree that the receiving party is not required to locate, isolate and destroy emails (including attachments to emails) that may include Confidential Material, Confidential Material contained in deposition transcripts, or Confidential Material contained in draft or final expert reports.

    c.    **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to destroy documents, counsel may retain (1) attorney work product, including an index which refers or relates to designated Confidential Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Material will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose or use Confidential Material.

18.    **Order Subject to Modification.** This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed

modification.

19.    **Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

20.    **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.    Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Material by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

21.    **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

22.    **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Material until they execute and file their written agreement to be bound by the provisions of this Order.

23.    **Protections Extended to Third Party's Confidential Material.**  The parties agree to extend the provisions of this Protective Order to Confidential Material produced in this case by third parties, if timely requested by the third party.

24. **Confidential Material Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the discovery request, subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Material in the court from which the discovery request, subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The party subject to a discovery request or subpoena shall not produce or disclose the requested Confidential Material absent the written consent of the party or third party whose Confidential Material is sought or if a court of competent jurisdiction orders the production.  The obligations set

forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Material designated by the other party to this case or a third party.

25. **Disclosure of Confidential Material Covered by Attorney-Client Privilege, Work Product, or Joint Defense Privilege or Protection.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege, work product protection, or joint defense privilege or protection, including, but not limited to, information or documents that may be considered Confidential Material under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged, subject to the work-product doctrine, or as joint defense privileged or protected at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 5 days, regardless of whether the receiving party agrees with the claim of attorney-client privilege, work product protection, and/or joint defense privilege or protection, and shall expunge from any other document any portions which contain or reflect the contents of the produced privileged or protected item. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The party returning such item may then move the Court for an

order compelling production of the material, but that said party shall not assert as a ground for entering such an order the fact (or circumstance) of the production. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated March 9, 2020, in Kansas City, Kansas.

 s/ James P. O'Hara
U.S. Magistrate Judge

**WE SO MOVE
and agree to abide by the
terms of this Order**

*s/Heidi Hudson Raschke*
Steven J. Brodie, Esq. (admitted *pro hac vice*)
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 SE 2nd Street, Suite 4200
Miami, Florida 33131-9101
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
sbrodie@cfjblaw.com

Heidi Hudson Raschke, Esq. (admitted *pro hac vice*)
CARLTON FIELDS JORDEN BURT, P.A.
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
hraschke@cfjblaw.com

John L. Mullen #22994
Christopher M. Harper #23273
FRANKE SCHULTZ & MULLEN, PC
8900 Ward Parkway
Kansas City, MO 64114
Telephone: (816) 421-7100
Facsimile: (816) 421-7915
jmullen@fsmlawfirm.com
charper@fsmlawfirm.com

*Attorneys for Plaintiff Allied World
Specialty Insurance Company f/k/a
Darwin National Assurance
Company*

**WE SO MOVE
and agree to abide by the
terms of this Order**

/s/ *Justine M. Casey*
R. Randal Crispen
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
501 W. Broadway, Ste. 1900
San Diego, CA 92101
Telephone: (619) 338-6627
rcrispen@sheppardmullin.com

Justine M. Casey
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
650 Town Center Drive
Costa Mesa, CA 92626
Telephone: (714) 513-5100
jcasey@sheppardmullin.com

James D. Griffin
Brent N. Coverdale
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut Street, Suite 1950
Kansas City, MO 4106-2197
Telephone: 816-268-9409
jgriffin@sakg.com
bcoverdale@sakg.com

*Attorneys for Plaintiff*
*Bedivere Insurance Company*
*f/d/b/a OneBeacon Insurance*
*Company*

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*s/Kevin D. Tessier*
Barry L. Pickens #15822
Douglas M. Weems #14771
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
bpickens@spencerfane.com

dweems@spencerfane.com
T: (816) 474-8100
F: (816) 474-3216

Dan J. Hofmeister (admitted *pro hac vice*)
Kevin D. Tessier (admitted *pro hac vice*)
Caitlin O. Young (admitted *pro hac vice*)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
dhofmeister@reedsmith.com
ktessier@reedsmith.com
coyoung@reedsmith.com
T: (312) 207-1000
F: (312) 207-6400

*Attorneys for Defendant Blue
Cross and Blue Shield of Kansas,
Inc.*

**WE SO MOVE
and agree to abide by the
terms of this Order**

*s/Anne Salomon*_____
Thomas P. Schult (D. Kan # 70463)
Jennifer B. Wieland (KS Bar #22444)
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com

Daniel E. Laytin, P.C. (IL #6257119)
(admitted *pro hac vice*)
Sarah J. Donnell (IL #6282770)

26

(admitted *pro hac vice*)
Anne Salomon (IL #6305034)
(admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (3120 862-2200
Daniel.laytin@kirkland.com
Sarah.donnell@kirkland.com
Anne.salomon@kirkland.com

*Counsel for Defendant*
*Blue Cross Blue Shield Association*

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Material in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Material to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____

**ATTACHMENT B**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**UNDERTAKING OF CONSULTANT OR EXPERT _____**

I, *[insert person's name]*, state the following under penalties of perjury as provided by law:

I have been retained by _____ in connection with this case. I will be receiving Confidential Material that is covered by the AGREED CONFIDENTIALITY ORDER (the "Order") dated _____. I have read the Order and understand that the Confidential Material is provided pursuant to the terms and conditions therein.

I agree to be bound by the Order. I agree to use the Confidential Material solely for purposes of this case. I understand that neither the Confidential Material nor any notes concerning that information may be disclosed to anyone that is not bound by the Order. I agree to return the Confidential Material and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I will not use any Confidential Material or any information or knowledge derived from Confidential Information for any purpose unrelated to this Litigation, including, but not limited to, assisting any entity in any way in connection with any commercial or business endeavor, relationship or negotiation with any of the Defendants at any time or in connection with assisting any person or entity that seeks to compete with any Defendant in any market.

I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

I submit to the jurisdiction of the Court that issued the Order for purposes of enforcing that Order. I hereby release any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

[signature]

_____

Subscribed and sworn to

before me this___day

of_____ 20____.

Notary Public