IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BEDIVERE INSURANCE COMPANY, formerly d/b/a OneBeacon Insurance Company, | **CONSOLIDATED CASES** |
| Plaintiff/Counter-Defendant, | Case No. 18-2371-DDC |
| v. | |
| BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., | |
| Defendant/Counter-Plaintiff, | |
| and | |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPAN, f/k/a Darwin Select Insurance Company, | |
| Defendant. | |
| ——————————————————————— | |
| ALLIED WORLD SPECIALTY INSURANCE COMPANY, f/k/a Darwin National Assurance Company, | |
| Plaintiff/Counter-Defendant, | |
| v. | |
| BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., | Case No. 18-2515-DDC |
| Defendant/Counter-Plaintiff. | |

## ORDER

On July 17, 2018, Bedivere Insurance Company, formerly d/b/a OneBeacon Insurance Company ("Bedivere"), filed an action in this court against Blue Cross Blue Shield of Kansas, Inc. ("BCBSKS") and Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Allied World").[1]  This action involves Bedivere's rights and obligations under a policy issued to BCBSKS for reimbursement of defense expenses and indemnity related to antitrust class actions pending in the Northern District of Alabama.  On September 25, 2018, Allied World filed a separate lawsuit against BCBSKS, seeking declaratory relief regarding Allied World's rights and obligations under a policy issued to BCBSKS, related to the same antitrust litigation.[2]  Both actions contain both claims and counterclaims.  The two cases were consolidated on October 9, 2019.[3]

On March 1, 2021, the Insurance Commissioner of the Commonwealth of Pennsylvania, where Bedivere is domiciled, filed a petition for order of liquidation against Bedivere.[4]  On March 11, the Commonwealth Court of Pennsylvania granted the petition and ordered a stay of all pending actions against Bedivere, in Pennsylvania and elsewhere.[5]

---

[1] Case No. 18-2371-DDC.  The court won't recite the entire procedural history here.  A more detailed background can be found in ECF No. 160.

[2] Case No. 18-2515-DDC.

[3] ECF No. 54.

[4] ECF No. 161, Ex. 2 at ¶ 13.

[5] *Id.* at Ex. 2.

BCBSKS asserts that, by operation of Pennsylvania statute,[6] this order stays both BCBSKS's claims against Bedivere and Bedivere's claims against BCBSKS in this action.[7] Accordingly, BCBSKS has filed a motion to stay those claims and counterclaims.[8]

Bedivere does not necessarily oppose the motion.   In response, Bedivere acknowledges the language of the liquidation order, but argues the order "does not by its terms purport to stay actions brought by Bedivere."[9]  Rather, Bedivere argues Pennsylvania law provides the liquidator with authority to decide whether to pursue claims on behalf of the insurer.[10]  Bedivere requests time for the liquidator to decide how it wants to proceed. Specifically, it proposes the court vacate the scheduling order as it pertains to Bedivere and stay the claims by and against Bedivere.  Bedivere asks the court to schedule a status conference in 60 days to reevaluate the stay.  Allied World also doesn't oppose the stay as to Bedivere.

In contrast, the parties all agree the stay *doesn't* apply to the claims between BCBSKS and Allied World.  Initially, BCBSKS sought a stay only as to claims by and against Bedivere, noting the stay doesn't apply to the claims between BCBSKS and Allied

---

[6] 40 P.S. § 221.26(a) ("Upon issuance of an order appointing the commissioner liquidator of a domestic insurer or of an alien insurer domiciled in this Commonwealth, no action at law or equity shall be brought by or against the insurer, whether in this Commonwealth or elsewhere, nor shall any such existing action be continued after issuance of such order.").

[7] ECF No. 161 at ¶ 3.

[8] *Id.*

[9] ECF No. 166 at 2.

[10] *Id.*

World.[11]  Allied World agrees the liquidation order stays Bedivere's claims against it and agrees the stay doesn't apply to the claims between it and BCBSKS.[12]

What's contested is what happens with the claims between BCBSKS and Allied World.  Allied World requests the court stay only the first action and claims related to Bedivere and asks the court to sever Case No. 18-2515, what it calls the Allied World action, so it can proceed separately.[13]  BCBSKS argues that request is premature.  It proposes the decision be made after the parties know whether Bedivere intends to proceed with its claims against BCBSKS and Allied World.[14]

The court agrees the latter is the most efficient approach at this stage.  The two cases were consolidated pursuant to the parties' joint motion because they involve declarations regarding the rights and obligations of insurers in connection with the same antitrust litigation.[15]  If the court did sever the Allied World action and Bedivere then elected to proceed with its claims, the two actions would have different discovery schedules, when they were indeed consolidated for the purposes of efficiency in 2019.[16]  No party contests the assertion that the liquidator has to make a decision or that the decision should be made

---

[11] ECF No. 161 at 2.

[12] ECF No. 167 at 3.

[13] *Id.*

[14] ECF No. 170 at 2.

[15] ECF No. 54.

[16] *Id.*

in approximately 60 days.  That relatively short stay won't be unduly prejudicial to any party.

Accordingly, the court will grant the motion to stay (ECF No. 161) and stay the entire consolidated case.  By **June 8, 2021**, the parties shall file a joint status update with the liquidator's decision and the parties' proposals for next steps.  The court will thereafter set a scheduling conference as needed.

IT IS SO ORDERED.

Dated April 7, 2021, at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

5