IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY,**[1]<br><br>   Plaintiff/Counter-Defendant,<br><br>v.<br><br>**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**<br><br>   Defendant/Counter-Plaintiff,<br><br>v.<br><br>**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY f/k/a DARWIN SELECT INSURANCE COMPANY and BLUE CROSS BLUE SHIELD ASSOCIATION,**<br><br>   Defendants. | **CONSOLIDATED CASES**<br><br>Case No.  18-2371-DDC-JPO |
| **ALLIED WORLD SPECIALTY INSURANCE COMPANY, f/k/a DARWIN SELECT INSURANCE COMPANY,**<br><br>   Plaintiff/Counter-Defendant,<br><br>v.<br><br>**BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,**<br><br>   Defendant/Counter-Plaintiff. | Case No.  18-2515-DDC-JPO |

---

[1]  On November 16, 2021, the court granted an unopposed motion to substitute party—*i.e.*, Atlantic Specialty Insurance Company for Bedivere Insurance Company f/d/b/a OneBeacon Insurance Company—in these consolidated cases.  *See* Fed. R. Civ. P. 25(c) & Doc. 180.

**MEMORANDUM AND ORDER**

In March 2021, Magistrate Judge James P. O'Hara granted in part a Motion to Compel filed by then-plaintiff Bedivere Insurance Company f/d/b/a OneBeacon Insurance Company ("OneBeacon"), and also, he denied in part the Motion to Compel. Doc. 160. Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS") has filed an Objection to Judge O'Hara's Order. Doc. 162. BCBSKS objects to the portion of Judge O'Hara's Order granting OneBeacon's request to compel BCBSKS to produce confidential settlement agreements that BCBSKS entered with two excess insurance carriers—Travelers and ACE. *Id.* at 2. BCBSKS argues that Judge O'Hara's Order is contrary to law because he didn't properly analyze the relevance and confidentiality objections BCBSKS asserted in response to OneBeacon's document requests seeking the settlement agreements. *Id.* For reasons explained below, the court disagrees with BCBSKS. Judge O'Hara's Order compelling production of the settlement agreements isn't contrary to law. Thus, the court overrules BCBSKS's Objection (Doc. 162) and affirms Judge O'Hara's Order (Doc. 160).

I.   **Factual and Procedural Background**

On October 14, 2019, OneBeacon[2] filed a First Amended Complaint against three defendants: (1) BCBSKS; (2) Allied World Surplus Lines Insurance Company f/k/a Darwin Select Insurance Company ("Allied World"); and (3) Blue Cross Blue Shield Association ("BCBSA"). Doc. 55. Generally, OneBeacon seeks various declaratory relief against BCBSKS

---

[2] When Judge O'Hara issued his Order deciding the Motion to Compel and when BCBSKS filed its Objection, OneBeacon still was the named plaintiff in the lead case of this consolidated action. As already explained, *supra* n.1, the court since has substituted Atlantic Specialty Insurance Company for OneBeacon. For consistency, this Order refers to the lead case's plaintiff as OneBeacon since it was the party who filed the Motion to Compel decided by Judge O'Hara's Order.

2

and Allied World under 28 U.S.C. § 2201, and it asserted a subrogation claim against BCBSA. *Id.*

OneBeacon's lawsuit involves three insurance policies that BCBSKS purchased: (1) a primary Managed Care Organization Errors and Omissions Liability Policy from Allied World, with a $10 million coverage limit ("Allied World E&O Policy"); (2) a primary Healthcare Organization's Directors and Officers Liability Policy from Allied World, with a $15 million coverage limit ("Allied World D&O Policy"); and (3) a Managed Care Errors and Omissions Excess Indemnity Policy from OneBeacon ("OneBeacon Policy"). Doc. 55 at 1–2 (First Am. Compl. ¶¶ 2–3).

BCBSKS requested reimbursement of defense expenses and indemnity coverage from Allied World under both the Allied World E&O Policy and the Allied World D&O Policy in connection with several antitrust class actions (the "Antitrust Litigation") against BCBSKS, which have been "consolidated for pretrial discovery proceedings in the Northern District of Alabama." *Id.* at 2, 25 (First Am. Compl. ¶¶ 5–6, 72). While Allied World, subject to a reservation of rights, agreed to provide coverage under the Allied World E&O Policy, it denied coverage under the Allied World D&O Policy. *Id.* at 2, 25 (First Am. Compl. ¶¶ 7, 73–74). BCBSKS also seeks reimbursement of its defense expenses under the OneBeacon Policy. *Id.* at 3 (First Am. Compl. ¶¶ 12–13).

The Allied World E&O Policy has been exhausted,[3] and OneBeacon has started to reimburse BCBSKS for defense expenses under the OneBeacon Policy. *Id.* at 3, 26 (First Am.

---

[3]   BCBSKS believes it is entitled to coverage under the Allied World D&O Policy and has filed a counterclaim against Allied World for wrongful denial of coverage in a related lawsuit filed by Allied World against BCBSKS, *Allied World Specialty Insurance Co. v. Blue Cross & Blue Shield of Kansas, Inc.*, Case No. 18-2515-DDC-JPO. Doc. 55 at 2–3, 25 (First Am. Compl. ¶¶ 8, 74–75). This case also is pending before our court. *Id.* And, the court has consolidated that case with the lead case filed by OneBeacon. *See* Doc. 54.

Compl. ¶¶ 12, 79–80).  OneBeacon seeks a judicial declaration about the OneBeacon Policy and whether it must provide coverage under it before BCBSKS exhausts the Allied World Primary D&O Policy.  *Id.* at 3 (First Am. Compl. ¶ 13).  OneBeacon contends that its coverage is not triggered under the OneBeacon Policy terms until BCBSKS exhausts the Allied World Primary D&O Policy.  *Id.* at 28 (First Am. Compl. ¶ 85).  It also seeks other declarations about BCBSKS's and OneBeacon's rights and obligations under the OneBeacon Policy, and OneBeacon's subrogation rights against BCBSA and Allied World.  *Id.* at 3–5, 6, 26–28 (First Am. Compl. ¶¶ 14–19, 27–28, 80–83).

In response to OneBeacon's Complaint, BCBSKS filed an Answer and Counterclaim.  Doc. 65; Doc. 69.  Among other allegations, the Counterclaim asserts a claim for breach of the duty of good faith and fair dealing (Count III).  Doc. 69 at 10–11 (Counterclaim ¶¶ 45–52).  This claim alleges that OneBeacon has acted in bad faith and that its delay and refusal to pay BCBSKS's Antitrust Litigation expenses has harmed BCBSKS.  *Id.* (Counterclaim ¶¶ 47, 51–52).

Relevant to BCBSKS's pending Objection, OneBeacon served discovery requests on BCBSKS seeking production of settlement agreements between BCBSKS and other insurers.  Doc. 156-2 at 8.  BCBSKS objected to the document requests arguing that the settlement agreements aren't relevant to this action and also protected by confidentiality.  Doc. 160 at 5–6.  OneBeacon moved to compel BCBSKS to respond to several discovery requests, including the document requests seeking the settlement agreements.  Doc. 155.  Judge O'Hara granted that portion of OneBeacon's Motion to Compel.  Doc. 160 at 12.  Specifically, Judge O'Hara rejected BCBSKS's confidentiality objections "as a basis to protect the settlement agreements from production[.]"  *Id.* at 7.  Also, Judge O'Hara concluded that the settlement agreements are

relevant to this lawsuit "given that the issue of who is ultimately responsible for the ongoing defense expenses in the antitrust litigation is central to the claims in this case[.]" *Id.* at 12. So, Judge O'Hara ordered BCBSKS to respond to OneBeacon's document requests and produce the settlement agreements. *See id.* at 15 (ordering BCBSKS to respond to Document Request Nos. 143 and 144).

BCBSKS filed an Objection to Judge O'Hara's Order, objecting only to the ruling compelling production of the settlement agreements. Doc. 162; *see also id.* at 3 n.1 ("BCBSKS objects only to the ruling regarding its confidential settlement agreements."). Also, on the same day, BCBSKS filed a Motion to Stay the Case based on liquidation proceedings pending in the Commonwealth Court of Pennsylvania against then-plaintiff OneBeacon. Doc. 161. Judge O'Hara granted the motion and stayed the consolidated case in our court. Doc. 171. When Judge O'Hara granted the stay, BCBSKS's Objection was not fully briefed.

On November 9, 2021, Judge O'Hara lifted the stay. Doc. 178. Also, Judge O'Hara ordered that any response to BCBSKS's Objection was due by November 23, 2021, and any reply was due by December 7, 2021. Plaintiff Atlantic Specialty Insurance Company (the party substituted for OneBeacon) timely filed an Opposition to BCBSKS's Objection (Doc. 183). And, BCBSKS timely filed a Reply (Doc. 184). Thus, the matter now is fully briefed, and the court is prepared to rule. The court considers BCBSKS's Objection, below. First, the court recites the legal standard governing objections to a magistrate judge's order.

**II.     Legal Standard**

Fed. R. Civ. P. 72(a) permits a party to present specific, written objections to a magistrate judge's order. When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review.

5

*See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this clearly erroneous standard, the district court does not conduct a de novo review of factual findings; instead, it must affirm a magistrate judge's order unless review of all the evidence leaves it "with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted).  In contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge.  *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted).  A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citation omitted).

**III.    Analysis**

BCBSKS asserts two arguments why the court should overrule Judge O'Hara's Order.  They are:  (1) the Order is contrary to law because it didn't consider the prejudice BCBSKS will sustain if it is compelled to produce the settlement agreements, and (2) the Order is contrary to law because it incorrectly concluded that the settlement agreements are relevant to the claims, defenses, or counterclaims asserted in this litigation.[4]  The court addresses each argument, separately, below.

---

[4]    The parties quibble whether the court should apply the "clearly erroneous" or "contrary to law" standard to Judge O'Hara's Order.  BCBSKS's Objection argues that Judge O'Hara's rulings were contrary to law, requiring the court to apply a de novo review.  But, OneBeacon responds that BCBSKS's Objection doesn't attack Judge O'Hara's *legal* determinations.  Instead, OneBeacon asserts, BCBSKS takes issue with Judge O'Hara's factual findings about relevance and prejudice.  Thus, OneBeacon argues, the court should apply the more deferential "clearly erroneous" standard.  As discussed below, the

### A. Prejudice

Fed. R. Civ. P. 26(b)(1) permits litigants to conduct "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). BCBSKS argues that the settlement agreements aren't relevant. But, BCBSKS also asserts, even if the settlement agreements have some slight relevance to the claims and defenses asserted in this case, the prejudice BCBSKS will sustain from their production outweighs any relevance that the settlement agreements might have to the issues presented. For support, BCBSKS cites *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666 (D. Kan. 2003) which explained:

> [T]he party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 670. BCBSKS argues that Judge O'Hara failed to consider the "potential harm" BCBSKS will sustain if compelled to produce the settlement agreements, thereby reaching a conclusion that is contrary to law. *Id.* Specifically, BCBSKS contends that it will sustain prejudice because forced disclosure to OneBeacon—a non-settling insurer—of BCBSKS's confidential settlement agreements with two settling insurers will give OneBeacon an unfair advantage in its own settlement negotiations with BCBSKS by allowing OneBeacon access to terms and concessions that BCBSKS accepted in its settlements with other insurers.

OneBeacon contends that BCBSKS's argument fails for two reasons.

---

court applies the "contrary to law" standard because BCBSKS's Objection asserts that argument as a basis for overruling Judge O'Hara's Order. And, as explained, even under the de novo review standard, the court finds that Judge O'Hara's conclusions weren't contrary to law.

*First*, OneBeacon asserts that BCBSKS never cited or relied on *Hammond* during the parties' meet-and-confer efforts or in its Opposition to the Motion to Compel. *See generally* Doc. 158. Thus, OneBeacon contends, BCBSKS has waived this argument. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." (citation omitted)). BCBSKS responds that it hasn't waived this argument. Although BCBSKS concedes that it never cited the *Hammond* case in its briefing to Judge O'Hara, BCBSKS asserts that its Opposition extensively argued that it will sustain significant prejudice if compelled to produce the settlement agreements. *See* Doc. 158 at 7–12. The court agrees. BCBSKS hasn't waived this argument. BCBSKS relies on new case law to support its argument, but, this new citation doesn't amount to a waiver of the *argument*. BCBSKS made the very same argument to the magistrate judge that it makes now—*i.e.*, that requiring BCBSKS to produce the settlement agreement will prejudice it.

*Second*, OneBeacon argues, even if BCBSKS hasn't waived the argument, its reliance on *Hammond* doesn't help the argument because that case discussed the "harm" element in context of the "time, effort or money" required to respond to the discovery. *Id.* at 674. In contrast, here, BCBSKS never has argued that producing its settlement agreements is costly or time-consuming. And, even if BCBSKS endures some potential harm from producing the settlement agreements, OneBeacon argues that Judge O'Hara correctly found that the relevance of the agreements outweighs any potential harm to BCBSKS because any "purported prejudice is self-inflicted" by BCBSKS's decision to assert a bad faith claim against OneBeacon. Doc. 183 at 8. As Judge O'Hara found, BCBSKS's decision to assert a bad faith claim puts at issue "the 'damages that flow from the alleged breaches[,]'" and, in turn, those damages "'may reasonably relate to the agreements with the settling insurers.'" *Id.* (quoting Doc. 160 at 11).

The court agrees. Judge O'Hara correctly considered "BCBSKS's concerns relating to producing the settlement information to" OneBeacon by discussing "in the relevance section" that "BCBSKS already has injected into the litigation" a claim for breaching the duty of good faith and fair dealing. Doc. 160 at 7, 11. Although BCBSKS raised confidentiality concerns about producing the settlement agreements, Judge O'Hara correctly determined that those "concerns are addressed by the agreed protective order entered in this case[.]" *Id.* at 7. And, to the extent BCBSKS has concerns about producing the agreements to OneBeacon will give it an advantage in settlement negotiations for this case, that potential harm is outweighed by the agreements' relevance to the breach of good faith and fair dealing claim. As *Hammond* explained, a party objecting to discovery must show that the discovery "is of such *marginal relevance* that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." 216 F.R.D. at 670 (emphasis added). Here, Judge O'Hara concluded that the settlement agreements are more than marginally relevant. To the contrary, he correctly concluded that BCBSKS's breach of the duty of good faith and fair dealing claim raises "issues of whether, when, and how the coverage and reimbursement were triggered, as well as the damages that flow from the alleged breaches[,]" and those issues "may reasonably relate to the agreements with the settling insurers." Doc. 160 at 11. Thus, even if producing the agreements may impose some harm on BCBSKS, the settlement agreements' relevance to the issues here outweighs any potential harm to BCBSKS.

Also, Judge O'Hara specifically addressed several of the cases that BCBSKS cites to support its prejudice argument. BCBSKS argues that a Wisconsin federal case supports its argument because there, the court denied a motion to compel production of confidential settlement agreements to a non-settling insurer. Doc. 162 at 5 n.2 (citing *Wis. Elec. Power Co. v.*

9

*N. Assurance Co. of Am.*, Nos. 07-C-277-S, 07-C-299-S, 2007 WL 4631363, at *2 (W.D. Wis. Oct. 31, 2007)). But, as Judge O'Hara correctly explained, that case concluded that the settlement agreements weren't relevant "at this time" in the litigation "to the fundamental liability issues[.]" *Wis. Elec. Power Co.*, 2007 WL 4631363, at *2. So, the Wisconsin court denied the motion to compel disclosure. *Id.* Judge O'Hara correctly noted that distinction and explained why the Wisconsin case differs from the facts here. Doc. 160 at 11 (recognizing that the Wisconsin case denied "the production of similar settlement agreements" but concluding that the "distinction here relates to the issues BCBSKS already has injected into the litigation" by asserting that OneBeacon "breached its duties to reimburse defense expenses and breached its duty of good faith and fair dealing" (citing *Wis. Elec. Power Co.*, 2007 WL 4631363, at *2)).

As another example, BCBSKS cites a case where an Illinois federal court refused to compel responses to OneBeacon's similar discovery requests in another coverage action involving the same Antitrust Litigation at issue in this case. Doc. 162 at 5–6 n.3 (citing *Homeland Ins. Co. of N.Y. v. Health Care Serv. Corp.*, 330 F.R.D. 180, 182–83 (N.D. Ill. 2019)). Judge O'Hara considered this case, too. Doc. 160 at 10. He correctly recited that *Homeland Insurance*'s "'sole theory of relevance [was] that the settlement agreement may refute [an] exhaustion argument or otherwise give rise to a coverage defense.'" *Id.* (quoting *Homeland Ins.*, 330 F.R.D. at 182). And then, Judge O'Hara explained that *Homeland Insurance* differs from this case because, there, "the insured hadn't yet made a demand on its insurer and the court concluded the relevance of the agreements was speculative," but here, "BCBSKS *has* presented a claim for coverage from [OneBeacon], and [OneBeacon] has begun reimbursing those defense expenses." *Id.* Judge O'Hara thus concluded that the settlement agreements were relevant to the issue that this case presents. *Id.*

10

BCBSKS hasn't shown that Judge O'Hara's analysis is contrary to law. Just the opposite, Judge O'Hara correctly relied on Rule 26's governing standard for the scope of discovery. Doc. 160 at 4. He correctly analyzed whether BCBSKS's concerns about producing the settlement agreements provided "a basis to protect the settlement agreements from production[.]" *Id.* at 7. And, ultimately, he correctly concluded that, "[o]n balance," the relevance of the settlement agreements outweighs any harm that BCBSKS will incur from producing them to OneBeacon. *Id.* at 11–12. Because Judge O'Hara's ruling isn't contrary to law, the court overrules BCBSKS's Objection to this portion of the Order.

### B. Relevance

BCBSKS next asserts that Judge O'Hara's ruling is contrary to law because he wrongly concluded that the settlement agreements are relevant to issues in this action. BCBSKS argues that the settlement agreements aren't relevant to any of the claims, defenses, or counterclaims asserted here.

As already noted, Judge O'Hara correctly looked to Rule 26(b)(1) to define the scope of discovery. Doc. 160 at 4. Applying that Rule, he considered whether the settlement agreements are relevant to claims, defenses, and counterclaims asserted in this case. *Id.* at 7–12. Specifically, he concluded, "the settlement agreements are relevant to BCBSKS's counterclaim for bad faith." *Id.* at 11. Judge O'Hara recognized that the "issues of whether, when, and how the coverage and reimbursement were triggered, as well as the damages that flow from the alleged breaches, may reasonably relate to the agreements with the settling insurers." *Id.*

BCBSKS fails to show how Judge O'Hara misapplied the law by concluding that the settlement agreements are relevant to BCBSKS's Counterclaim, which asserts a breach of the duty of good faith and fair dealing claim. As OneBeacon correctly argues, BCBSKS's claim for

breach of the duty of good faith and fair dealing requires it to prove causation and damages. *See Moses v. Halstead*, 581 F.3d 1248, 1251, 1251 n.1 (10th Cir. 2009) (explaining that, in "Kansas, an insurer's duties are contractually based" and a claim for breach of the duty of good faith against in insurer "'sounds in contract'" (quoting *Glenn v. Fleming*, 799 P.2d 79, 89 (Kan. 1990))); *see also Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996) (explaining that breach of the duty of good faith and fair dealing claim requires a plaintiff to: "(1) plead a cause of action for breach of contract, not a separate cause of action for breach of duty of good faith, and (2) point to a term in the contract which the defendant allegedly violated by failing to abide by the good faith spirit of that term" (quotation cleaned up)); *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013) (listing elements of a Kansas breach of contract claim as: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) *damages to the plaintiff caused by the breach*." (emphasis added)).[5]

As OneBeacon contends, if BCBSKS received payments from either the Travelers or ACE settlement that it used to pay the Antitrust Litigation expenses, then BCBSKS might not have sustained any damage from alleged delay or refusal by OneBeacon to pay the Antitrust Litigation expenses. *See* Doc. 183 at 10 (citing *Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1093 (Cal. Ct. App. 2005) (explaining that "where one insurer fully protects the insured by providing a defense and full coverage for a claim, a second insurer's refusal to defend generally cannot support a tort action for breach of the covenant of good faith

---

[5]   The court already has concluded that Kansas law applies to the OneBeacon Policy. *See* Doc. 52 at 25.

and fair dealing because the latter's conduct will not enhance the insured's cost of defending itself or its exposure to liability")).[6]

In sum, the court concludes that the portion of Judge O'Hara's Order finding that the settlement agreements are relevant to this litigation isn't contrary to law. Judge O'Hara correctly applied Rule 26(b)(1) to OneBeacon's discovery requests and its motion to compel BCBSKS's responses to that discovery. BCBSKS hasn't shown that Judge O'Hara failed "to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011). Indeed, BCBSKS's Objection to this part of Judge O'Hara's ruling cites no law other than Rule 26. *See* Doc. 162 at 8–14. While BCBSKS strongly disagrees with the conclusions Judge O'Hara reached in his Rule 26 relevance analysis, it hasn't shown that the conclusions are contrary to law.

### IV. Conclusion

The court concludes that Judge O'Hara's decision is neither clearly erroneous nor contrary to law. The court thus overrules BCBSKS's Objection to his Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Blue Cross and Blue Shield of Kansas, Inc.'s "Objections to Discovery Order" (Doc. 162) is denied and its objections to Judge O'Hara's March 18, 2021 Order (Doc. 160) are overruled.

**IT IS SO ORDERED.**

---

[6] BCBSKS argues that OneBeacon's argument is irrelevant to a damages analysis because Travelers and ACE's policies are "two of its top layer excess insurers" and BCBSKS hasn't sustained a loss that "reaches either of these excess layers." Doc. 184 at 13. BCBSKS asserts "no other primary insurer picked up BCBSKS's defense in the Antitrust Litigation, and no excess coverage other than the [OneBeacon] first excess E&O coverage has been reached yet." *Id.* But, BCBSKS cites no case holding that: (a) only payments from insurance carriers on the same level are ones considered in a damages analysis of a breach of the duty of good faith and fair dealing claim; or (b) payments from an excess insurance carrier aren't considered in such a damages analysis.

**Dated February 22, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

14