UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., et al.,<br><br>　　　　Defendants. | **CONSOLIDATED CASES**<br><br>Case No. 18-2371-DDC-ADM |
| ALLIED WORLD SPECIALTY INSURANCE COMPANY f/k/a, DARWIN SELECT INSURANCE COMPANY,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,<br><br>　　　　Defendant/Counter-Plaintiff. | Case No. 18-2515-DDC-ADM |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant/counter-plaintiff Blue Cross and Blue Shield of Kansas, Inc.'s ("BCBSKS") Unopposed Motion for Extension of Time to File Motion to Compel. (ECF 211.) By way of this motion, BCBSKS seeks an extension of the local-rule deadline requiring a motion to compel discovery to be "filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause." D. KAN. RULE 37.1(b). Under Local Rule 37.1(b), a party may file a motion to compel within (1) 30 days, or (2) another time period for good cause shown.

1

Some judges in this district construe the local rule to require a party to move for an extension of time before the 30-day period expires. *See, e.g.*, *Mayhew v. Angmar Med. Holdings, Inc.*, No. 18-2365-JWL-KGG, 2019 WL 1779754, at *1 (D. Kan. Apr. 23, 2019). This practice often results in boilerplate motions generically requesting an extension to allow the parties additional time to engage in ongoing discussions regarding their discovery disputes. For example, here, BCBSKS seeks the extension because "BCBSKS and ASIC [plaintiff/counter-defendant Atlantic Specialty Insurance Company] anticipate needing an additional 28 days to complete the meet and confer process beyond the current deadline of May 5, 2022." (ECF 15 ¶¶ 7, 8.) These types of motions rarely provide meaningful insight into the parties' disputes or contain enough information for the court to determine whether the parties are truly engaging in efforts to resolve an identifiable discovery dispute. Such motions, including BCBSKS's motion now before the court, are not sufficiently particularized to demonstrate good cause. Moreover, this practice results in potentially unnecessary motion practice on hypothetical motions to compel that often will never come to fruition.

Nothing in the plain language of Local Rule 37.1(b) requires a party to move for an extension of time to move to compel within the 30-day period. Rather, the court may find good cause for a party to file a motion to compel at any point during the litigation. The undersigned believes the better practice—one more in line with Federal Rule of Civil Procedure 1—dictates that a party filing a motion to compel after the 30-day period demonstrate good cause in the motion to compel itself. Good cause exists if the moving party shows it acted diligently in attempting to resolve the particular discovery dispute at issue. Requiring a party to set forth good cause in the motion to compel will not only result in fewer unnecessary motions but a more specific and particularized showing of good cause.

Because of this, the court denies BCBSKS's motion.  If and when BCBSKS ultimately files a motion to compel, the court will expect BCBSKS to demonstrate good cause for filing the motion to compel after the 30-day period set forth in Local Rule 37.1(b) by demonstrating in the motion itself that it acted with diligence in attempting to resolve the particular discovery dispute at issue.

**IT IS THEREFORE ORDERED** that BCBSKS's Unopposed Motion for Extension of Time to File Motion to Compel (ECF 211) is denied for the reasons stated above.

**IT IS SO ORDERED.**

Dated May 4, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge