# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ATLANTIC SPECIALTY INSURANCE COMPANY,**[1] | |
| Plaintiff/Counter-Defendant, | **CONSOLIDATED CASES** |
| v. | |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,** | **Case No. 18-2371-DDC-ADM** |
| Defendant/Counter-Plaintiff, | |
| v. | |
| **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY f/k/a DARWIN SELECT INSURANCE COMPANY and BLUE CROSS BLUE SHIELD ASSOCIATION,** | |
| Defendants. | |
| **ALLIED WORLD SPECIALTY INSURANCE COMPANY, f/k/a DARWIN SELECT INSURANCE COMPANY,** | |
| Plaintiff/Counter-Defendant, | **Case No. 18-2515-DDC-ADM** |
| v. | |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.,** | |
| Defendant/Counter-Plaintiff. | |

---

[1]  On November 16, 2021, the court granted an Unopposed Motion to Substitute a Party—*i.e.*, Atlantic Specialty Insurance Company for Bedivere Insurance Company f/d/b/a OneBeacon Insurance Company—in these consolidated cases under Fed. R. Civ. P. 25(c).  Doc. 180.

## MEMORANDUM AND ORDER

Plaintiff Allied World Specialty Insurance Company ("Allied World") filed this declaratory judgment action against defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS"), seeking a declaratory judgment that the Directors and Officers Liability Policy ("D&O Policy") that it issued to BCBSKS doesn't provide insurance coverage for any claims, losses, or other damages asserted by claimants in an underlying Multi-District Litigation ("MDL Action") pending in the Northern District of Alabama.  In response, BCBSKS filed a Counterclaim against Allied World seeking its own declaratory judgment that the D&O Policy obligates Allied World to pay BCBSKS's defense costs incurred in the MDL Action (Count I of BCBSKS's Counterclaim).  BCBSKS also asserted counterclaims against Allied World for breach of contract (Count II of BCBSKS's Counterclaim) and breach of the duty of good faith and fair dealing (Count III of BCBSKS's Counterclaim).

On March 27, 2023, the court issued a Memorandum and Order deciding the parties' cross-motions for judgment on the pleadings under Fed. R. Civ. P. 12(c).  Doc. 260.[2]  The court denied BCBSKS's Motion for Judgment on the Pleadings.  *Id.* at 59.  But it granted Allied World's Motion for Judgment on the Pleadings.  *Id.* at 59–60.  Specifically, the court granted judgment on the pleadings in Allied World's favor on subsections (a)–(c) of Allied World's Count I, declaring that Allied World owes no duty under the D&O Policy to provide insurance coverage for BCBSKS's Defense Costs in the MDL Action.  *Id.*  Also, the court granted judgment on the pleadings against Counts I and II of BCBSKS's Counterclaim.  *Id.*

---

[2]   The court filings cited in this Order are docketed in the lead case: *Atlantic Specialty Insurance Co.  v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 18-2371-DDC-ADM.

2

The court's Order didn't address the other portions of Allied World's Count I because a portion of the case was stayed. Specifically, Magistrate Judge James P. O'Hara granted a Joint Agreed Motion to stay the claims asserted in "paragraph 45(e) in Allied World's Complaint . . . regarding . . . Allied World's . . . alleged dut[y] to indemnify BCBSKS for a judgment or settlement in the" MDL Action. Doc. 151 at 2. As BCBSKS explained, Judge O'Hara's Order "stayed the part of this case regarding Allied World's indemnity obligations for any judgment or settlement in the" MDL Action but it did "not stay[ ] the part of this case regarding Allied World's obligation to pay BCBSKS's Defense Costs[.]" Doc. 205 at 4. Both parties agreed that the stay applied only to Allied World's indemnity obligations and not to its duty to provide insurance coverage for Defense Costs. Thus, the court's Order decided only whether Allied World deserved judgment on the pleadings of just a portion of its Count I—the portion seeking a declaratory judgment about its obligations to pay Defense Costs. And the Order didn't address the portion of Count I asserting that Allied World deserves a declaratory judgment that it owes no obligation to indemnify BCBSKS for any judgment or settlement in the MDL Action.

On April 27, 2023, the court lifted the stay against the portion of the case affected by Judge O'Hara's Order. Doc. 265. And it directed Allied World to file its Motion for Judgment on the Pleadings on all remaining claims in this lawsuit. *Id.* Consistent with this Order, Allied World has filed a Second Motion for Judgment on the Pleadings. Doc. 266. It seeks judgment on the pleadings in Allied World's favor on the portion of Allied World's Count I relating to its indemnification obligations under the D&O Policy. *Id.* at 2. Also, it seeks judgment on the pleadings against Count III of BCBSKS's Counterclaim alleging a claim for breach of the duty of good faith and fair dealing. *Id.*

BCBSKS opposes Allied World's Motion for Judgment on the Pleadings. Doc. 267. BCBSKS acknowledges that the court's March 27, 2023 Order "effectively resolves the remaining claims in this case" in Allied World's favor. *Id.* at 4. But it "also believes the March 27 Order is erroneous" for the reasons already asserted in its earlier briefing. *Id.* BCBSKS doesn't repeat those arguments when opposing Allied World's Second Motion for Judgment on the Pleadings. *Id.* Instead, BCBSKS correctly recognizes that it should assert those arguments on its anticipated appeal to the Tenth Circuit. *Id.* And, BCBSKS asserts, it "expressly reserves, and does not waive, any of its rights, arguments and positions with respect to any of the claims in this case, including but not limited to its rights to challenge the Court's March 27 Order on appeal." *Id.*

As the parties agree, the court's March 27, 2023 Order effectively decides the remaining claims in the lawsuit. Doc. 266 at 4; Doc. 267 at 4. Based on the court's earlier decision and for other reasons explained below, the court grants Allied World's Second Motion for Judgment on the Pleadings.

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. It provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court evaluates a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion to dismiss. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

**II.    Analysis**

The only claims remaining for disposition are:  (1) the portion of Allied World's Count I relating to its indemnification obligations under the D&O Policy; and (2) Count III of BCBSKS's Counterclaim alleging a claim for breach of the duty of good faith and fair dealing. The court addresses each claim separately, below.

### A. The portion of Allied World's Count I relating to its indemnification obligations

As the court explained in its March 27, 2023 Order, Allied World deserved judgment on the pleadings because it had "shouldered its burden to show that no potential for coverage exists under the D&O Policy for BCBSKS's claim for the MDL Action's Defense Costs" based on "two separate and independent reasons[.]"  Doc. 260 at 59.  *First*, the court concluded, "the D&O Policy's Managed Care Activities Exclusion applies to preclude any potential for coverage[.]"  *Id*.  *Second*, the court held that "the D&O Policy's Prior or Pending Litigation Exclusion and Related Claims Provision both apply to preclude any potential for coverage."  *Id*. Allied World asserts that the court's conclusion that no potential coverage exists for Defense Costs necessarily means that it owes no duty to indemnify.  Doc. 266 at 4.

BCBSKS doesn't dispute that—in Kansas[3]—"an insurer's duty to pay its insured's defense costs is broader than the insurer's duty to indemnify its insured for a judgment or settlement in the underlying litigation."  Doc. 267 at 3 (citing *Nautilus Ins. v. Heartland Builders*, 526 F. Supp. 3d 914, 926 (D. Kan. 2021)); *see also Nautilus Ins.*, 526 F. Supp. 3d at 926 (explaining that "[u]nder Kansas law, 'the duty to indemnify is narrower than the duty to defend'" (quoting *Bankwest v. Fid. & Deposit Co. of Md.*, 63 F.3d 974, 978 (10th Cir. 1995)));

---

[3]    The parties agree that Kansas law governs this dispute.  *See* Doc. 205 at 9 (citing Doc. 52 at 25); *see also* Doc. 218 at 17–19.

*see also Patrons Mut. Ins. v. Harmon*, 732 P.2d 741, 744 (Kan. 1987) ("Where there is no coverage, there is no duty to defend." (citation omitted)). As a consequence, courts routinely hold that an insured does not owe a duty to defend when it has no duty to pay defense costs. *See Freightquote.com, Inc. v. Hartford Cas. Ins.*, 397 F.3d 888, 895 (10th Cir. 2005) (applying Kansas law and explaining that "[s]ince [the Circuit] already concluded that [insurer] had no duty to defend [its insured], [the Circuit] also readily [found] that [insurer] had no duty to indemnify [its insured] for any amounts incurred or paid in connection with the . . . settlement" (citation omitted)); *see also ERA Franchise Sys. Inc. v. N. Ins. of N.Y.*, 32 F. Supp. 3d 1254, 1261 (D. Kan. 1998) (applying Kansas law and holding that "[b]ecause the court concludes that defendant did not breach its duty to defend—which is broader than the duty to indemnify an insured—the court also finds that defendant did not breach its duty to indemnify plaintiff in the underlying lawsuit" (citation omitted)).

Because the court's March 27, 2023 Order already determined that Allied World had no duty to pay BCBSKS's Defense Costs in the MDL Action, the court also concludes that no potential exists for Allied World to owe a duty to indemnify BCBSKS for a settlement or judgment in the MDL Action. Thus, the court grants judgment on the pleadings for Allied World on those portions of Count I relating to its indemnity obligations.

### B. BCBSKS's breach of the duty of good faith and fair dealing claim (Count III of BCBSKS's Counterclaim)

Next, Allied World asserts that it deserves judgment on the pleadings against Count III of BCBSKS's Counterclaim alleging breach of the duty of good faith and fair dealing. "'Kansas law implies a duty of good faith in every contract.'" *Mackensen v. Progressive Direct Ins.*, No. 22-2390-KHV, 2023 WL 2474671, at *2 (D. Kan. Mar. 13, 2023) (quoting *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, 168 F. Supp. 3d 1334, 1345 (D. Kan. 2016)). "This duty

'is derivative in nature in that it does not create or supply new contract terms, but it grows out of existing ones' and 'guides the construction of explicit terms in an agreement.'" *Id.* (quoting *Kindergartners Count, Inc. v. DeMoulin*, 249 F. Supp. 2d 1233, 1243 (D. Kan. 2003)). "Breach of the implied covenant of good faith and fair dealing is not a separate claim, but rather a 'legal argument related to a breach-of-contract claim.'" *Id.* (quoting *Classico, LLC v. United Fire & Cas. Co.*, No. 114833, 2016 WL 7324451, at *5 (Kan. Ct. App. Dec. 16, 2016)). Thus, in Kansas, a claim for breach of the duty of good faith and fair dealing requires a plaintiff to "'(1) plead a cause of action for "breach of contract," not a separate cause of action for "breach of duty of good faith," and (2) point to a term in the contract "which the defendant[ ] allegedly violated by failing to abide by the good faith spirit of that term."'" *Id.* (quoting *Classico, LLC*, 2016 WL 7324451, at *5 (quoting *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996))).

      Here, Allied World argues, the court already has determined that Allied World didn't breach the terms of the D&O Policy by refusing to pay BCBSKS's Defense Costs. Thus, Allied World asserts, BCBSKS cannot possibly identify a term in the D&O Policy that Allied World violated by failing to abide by the good faith spirit of that term. The court agrees. Without a breach of the D&O Policy, BCBSKS cannot state a plausible claim for breach of the duty of good faith and fair dealing. *See, e.g.*, *Steven Volkswagen, Inc. v. Zurich Am. Ins.*, No. 19-1161-JWB, 2020 WL 2615764, at *7 (D. Kan. May 22, 2020) (applying Kansas law and granting summary judgment against breach of good faith claim where "[d]efendant ha[d] not breached the policies" and plaintiffs "failed to identify a term in the policies that [d]efendant violated by not abiding by the good faith spirit thereof"). And indeed, BCBSKS, to its credit, recognizes that "a ruling that the underlying litigation is not potentially covered under the policy such as the

Court's March 27 Order effectively precludes the insured from prevailing . . . on a claim that the insurer breached the duty of good faith and fair dealing." Doc. 267 at 4. As a consequence, the court grants judgment on the pleadings against Count III of BCBSKS's Counterclaim.

### III. Conclusion

For reasons explained in this Order, the court grants Allied World's Second Motion for Judgment on the Pleadings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff/counter-defendant Allied World Specialty Insurance Company's Second Motion for Judgment on the Pleadings (Doc. 266) in Case No. 18-2371 is granted. This ruling thus grants Allied World the declaratory judgment sought by the previously undecided portion of Allied World's Count I, *i.e.*, no potential exists for Allied World to owe a duty to indemnify BCBSKS for a judgment or settlement in the MDL Action. This Order also grants Allied World judgment on the pleadings against Count III of BCBSKS's Counterclaim, a claim asserting breach of the duty of good faith and fair dealing. This Order thus disposes of all remaining claims in this consolidated case,[4] so the court directs the Clerk of the Court to enter a First Amended Judgment consistent with this Order (as well as the court's earlier Orders deciding the parties' other dispositive motions (*see* Docs. 129, 185, 260)).

**IT IS SO ORDERED.**

---

[4] In the lead case, Case No. 18-2371, the court granted defendant Blue Cross Blue Shield Association's Motion to Dismiss (Doc. 129) and entered judgment for defendant Blue Cross Blue Shield Association against plaintiff OneBeacon Insurance Company's claim for subrogation in Count IX of the First Amended Complaint (Doc. 186). The parties resolved the remaining claims in the lead case and filed a Joint Stipulation of Dismissal with Prejudice (Doc. 239) on August 25, 2022.

In the other member case, Case No. 18-2515, the court has resolved all claims and counterclaims by its March 27, 2023 Memorandum and Order (Doc. 260) and this Order (Doc. 269).

Dated this 14th day of June, 2023, at Kansas City, Kansas.

                                                       s/ Daniel D. Crabtree
                                                       Daniel D. Crabtree
                                                       United States District Judge